# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2010

No. 09-60480
Summary Calendar

Lyle W. Cayce
Clerk

ALBERT ISENAJ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
B.I.A. No. A098 282 238

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Albert Isenaj, a citizen of the former Serbia-Montenegro, now Kosovo, petitions for review of the Board of Immigration Appeals decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture.  To reverse a factual finding by the Board, we must find the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence "so compelling that no reasonable factfinder could reach a contrary conclusion."[1]  We review legal conclusions de novo.[2]

As a threshold marker, an alien must exhaust all administrative remedies available to him as of right before this court may review a final order.[3]  For the first time on appeal to this court, Isenaj argues that the Board used the incorrect standard of review and impermissibly engaged in factfinding.  He has failed to exhaust all administrative remedies on the issue, and we lack jurisdiction to review it.[4]

Isenaj requested asylum based on a presumption of a well-founded fear of future persecution, citing as evidence his persecution by the Serbs.  The Board correctly determined that the government rebutted this presumption by presenting evidence of a fundamental change in country conditions in Kosovo as recounted in the 2003 and 2005 State Department Country Reports.  Isenaj does not have a presumption of a well-founded fear of future persecution arising from his encounter with and threatening by masked men in 2003, as the Board has held persecution must be  "under government sanction."[5]

Isenaj's appeal for humanitarian asylum cannot be granted because his past persecution was not particularly severe in light of the atrocities committed at the time.[6]  His Convention Against Torture claim likewise fails, because he cannot prove that it is "more likely than not" he will be tortured if removed.[7]

---

[1] *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

[2] *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

[3] *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); 8 U.S.C. § 1252(a)(1) & (d).

[4] *See Omari*, 562 F.3d at 320–21.

[5] *Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996).

[6] *See Shehu v. Gonzales*, 443 F.3d 435, 440 (5th Cir. 2006).

[7] *See* 8 C.F.R. § 1208.16(c)(2); *Efe*, 293 F.3d at 907.

The petition for review is DENIED.